_____



**SO ORDERED,**

*[signature]*

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: November 19, 2018**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

   RICHARD YOUNG,                                                    CASE NO. 17-14065-NPO

      DEBTOR.                                                                       CHAPTER 11

HELENA AGRI-ENTERPRISES, LLC                                        PLAINTIFF

VS.                                                                                ADV. PROC. NO. 18-01017-NPO

RICHARD YOUNG                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

There came on for consideration the Motion for Summary Judgment (the "Summary Judgment Motion") (Adv. Dkt. 10)[1] filed by Helena Agri-Enterprises, LLC, f/k/a Helena Chemical Company ("Helena"); the Memorandum Brief in Support of Motion for Summary Judgment ("Helena's Brief") (Adv. Dkt. 11) filed by Helena; the Answer to Motion for Summary Judgment (the "Answer") filed by Richard Young (the "Debtor" or "Defendant") (Adv. Dkt. 15); the Memorandum Brief in Opposition of Motion for Summary Judgment (the "Defendant's Brief") (Adv. Dkt. 16) filed by the Defendant; the Defendant's Response to Statement of Undisputed Facts

---

[1] Citations to the record are as follows: (1) citations to docket entries in the above-styled adversary proceeding (the "Adversary") are cited as "(Adv. Dkt. ____)"; and (2) citations to docket entries in the above-styled bankruptcy case (the "Bankruptcy Case") are cited as "(Bankr. Dkt. ____)".

(the "Response to Undisputed Facts") (Adv. Dkt. 17) filed by the Defendant; and Helena's Reply Brief in Support of Motion for Summary Judgment (Dkt. #10) (the "Reply") (Adv. Dkt. 21) filed by Helena in the Adversary. In support of its Summary Judgment Motion, Helena presented four (4) exhibits marked as Exhibits "A" through "D." (Adv. Dkt. 10-1 to 10-4).[2] The Defendant presented one (1) exhibit marked as Exhibit "A." (Adv. Dkt. 15-1).[3]

## Jurisdiction

The Court finds that it has jurisdiction over the parties to and has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Notice of the Summary Judgment Motion was proper under the circumstances.

## Facts[4]

1. On October 25, 2017, the Debtor filed a petition for relief under chapter 11 of the U.S. Bankruptcy Code (the "Code") (Bankr. Dkt. 1).

2. On December 14, 2017, Crop Production Services, Inc. ("Crop Production Services") filed the Crop Production Services, Inc.'s Motion to Examine Debtor Pursuant to Rule 2004 and For Production of Certain Documents (Bankr. Dkt. 34).

3. On December 15, 2017, Guaranty Bank and Trust Company ("Guaranty Bank") filed the Guaranty Bank and Trust, Co.'s Motion to Examine Debtor Pursuant to Rule 2004 and For Production of Certain Documents (Bankr. Dkt. 36).

---

[2] Helena's exhibits will be referred to as "(H. Ex. A)" (Adv. Dkt. 10-1), "(H. Ex. B)" (Adv. Dkt. 10-2), "(H. Ex. C)" (Adv. Dkt. 10-3), and "(H. Ex. D)" (Adv. Dkt. 10-4).

[3] The Defendant's exhibit will be referred to as "(D. Ex. A)" (Adv. Dkt. 15-1).

[4] Pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable to the Adversary by Rule 7052 of the Federal Rules of Bankruptcy Procedure, the following constitutes the findings of fact and conclusions of law of the Court.

4. On December 19, 2017, the Court entered the Order Granting Motion, permitting Guaranty Bank to take the Rule 2004 examination of the Debtor (Bankr. Dkt. 37).

5. On December 21, 2017, Helena filed the Motion for 2004 Examination of Debtor, seeking permission from the Court to examine the Debtor under oath "as to the acts, conduct, property, assets and liabilities of the Debtor and/or other matters that may affect the administration of the bankruptcy estate." (Bankr. Dkt. 38). Additionally, Helena suggested that its examination of the Debtor should occur at the same time as the 2004 examinations of the Debtor by Guaranty Bank and Crop Production Services.

6. On December 27, 2017, the Court entered the Order Granting Motion for Rule 2004 Examination of Debtor (Dkt #38) (the "Order Granting Debtor's 2004 Examination") (Bankr. Dkt. 43).

7. On January 8, 2018, the Court entered the Order Granting Crop Production Services, Inc.'s Motion to Examine Debtor Pursuant to Rule 2004 and For Production of Certain Documents (Bankr. Dkt. 48).

8. On February 23, 2018, Guaranty Bank filed the Notice of Deposition,[5] notifying the Debtor that it would conduct his 2004 examination on March 6, 2018 (Bankr. Dkt. 69).

9. On March 7, 2018, Guaranty Bank filed the second Notice of Deposition,[6] notifying the Debtor that it would conduct his 2004 examination on March 23, 2018 (Bankr. Dkt. 78).

---

[5] Although titled as "Notice of Deposition," this is a notice for a 2004 examination ordered by the Court prior to the commencement of the Adversary pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"). The distinction between a Rule 2004 examination and the discovery procedure mandated by the Federal Rules of Civil Procedure will be discussed *infra* in this Opinion.

[6] *See supra* note 5.

10. On April 5, 2018, Helena filed the Complaint Objecting to Discharge of Debts (the "Complaint"), seeking a judgment declaring the $280,767.11, plus applicable post-judgment interest at the federal rate, set forth in Proof of Claim 7-1 ("POC 7-1") (Bankr. Cl. 7-1) and the $432,635.99, plus applicable post-judgment interest at the federal rate, set forth in Proof of Claim 8-1 ("POC 8-1") (Bankr. Cl. 8-1) to be nondischargeable under 11 U.S.C. § 523(a)(2)(B).[7] (Adv. Dkt. 1).

11. After receiving an extension of time, on June 11, 2018, the Debtor filed the Answer and Defenses of Defendant to Complaint Objecting to Discharge of Debts, asserting (1) that "[t]he Complaint fails to state a claim or cause of action against the Defendant upon which relief can be granted[;]" (2) that Helena "did not reasonably rely upon the financial statements submitted in extensions of credit to Defendant or entities owned or controlled by him[;]" (3) that "Helena failed to exercise reasonable diligence in reliance upon the financial statements provided by Defendant[;]" and (4) that "Defendant, at all times, acted in good faith and with the belief that his financial statements were accurate."  (Adv. Dkt. 7).

12. On August 15, 2018, Helena filed the Summary Judgment Motion, asserting that "[t]here is no genuine issue of material fact as to whether [the Debtor's] debts to Helena are nondischargeable under 11 U.S.C. § 523(a)(2)(B)" and that it "is entitled to judgment as a matter of law."  (Adv. Dkt. 10).  In support of the Summary Judgment Motion, Helena submitted to the Court excerpts of the 2004 Examination of Richard Young, Jr. and RTR Farms, Inc. taken on March 23, 2018 (the "Debtor's 2004 Examination") (H. Ex. A); the First National Bank of Clarksdale Borrower Balance Sheet dated January 12, 2015 (the "Defendant's Financial Statement") (H. Ex. B);  the First National Bank of Clarksdale Borrower Balance Sheet dated

---

[7] Hereinafter, all code sections refer to the Code, unless otherwise noted.

January 12, 2015 ("Double Y's Financial Statement") (H. Ex. C); the Affidavit of Gary Yochum (H. Ex. D); and Helena's Brief.

13. On September 11, 2018, the Court entered the Agreed Order (Adv. Dkt. 13) in which the parties agreed that the Defendant should file an answer or other responsive pleading to the Summary Judgment Motion on or before September 26, 2018.

14. On October 17, 2018, twenty-one (21) days after the deadline to file an answer or other responsive pleading to the Summary Judgment Motion, the Defendant filed the Answer, the Defendant's Brief, and the Response to Undisputed Facts, denying that there is no genuine issue of material fact. In support of the Adversary proceeding to trial, the Defendant submitted to the Court the Affidavit of Richard Young ("Defendant's Affidavit") (D. Ex. A) and the Defendant's Brief.

15. On October 19, 2018, the Clerk issued the Notice of Telephonic Status Conference (the "Notice") (Adv. Dkt. 18) so that the Court could determine whether the Defendant filed timely the Answer, the Defendant's Brief, and the Response to Undisputed Facts and, if not, whether the Defendant could show excusable neglect with respect to his late-filed pleadings.

16. On October 24, 2018, the Court held a status conference on the Notice. The parties explained to the Court that Helena had agreed to another extension of time for the Defendant to file an answer or other responsive pleading to the Summary Judgment Motion but had failed to inform the Court about their agreement. Accordingly, the Court informed the parties that it will consider the Answer, the Defendant's Brief, and the Response to Undisputed Facts.

17. On October 29, 2018, Helena filed the Reply, asserting that it is entitled to a judgment against the Defendant as a matter of law "because the material facts have been admitted

by [the Defendant]" and the Defendant's Affidavit "seeks to contradict the testimony that he previously provided during his deposition."[8] (Adv. Dkt. 21 at 1 & 3).

## Discussion

### A.	Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, as made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Courts do not disfavor summary judgment, but, rather, look upon it as an important process through which parties can obtain a "just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citations and quotations omitted). Summary judgment is properly entered when the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c)(1)(A); *see also Celotex*, 477 U.S. at 322.

The movant bears the initial burden of proof to specify the basis upon which the Court should grant summary judgment and to identify portions of the record that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1); *see also Celotex*, 477 U.S. at 322. The movant is entitled to the benefit of any relevant presumption under state law to satisfy the initial burden of proof. Once the initial burden is met, the burden of production shifts to the nonmovant who then must rebut the presumption by coming forward with specific facts, supported

---

[8] Although referred to as a "deposition," the Debtor's testimony was given at the Debtor's 2004 Examination ordered by the Court prior to the commencement of the Adversary pursuant to Rule 2004.

by the evidence in the record, upon which a reasonable factfinder could find a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Importantly, "conclusory allegations" or "unsubstantiated assertions" do not meet the nonmovant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Summary judgment should be granted where the nonmovant "has failed to make a sufficient showing on an essential element of [the] case with respect to which [the party] has the burden of proof." *Celotex*, 477 U.S. at 323.

The Court "has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact." *Hall v. Desper (In re Desper)*, Adv. Proc. 09-05051-NPO, 2010 WL 653864, at *6 (Bankr. S.D. Miss. Feb 19, 2010); *see also Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 255); *River Region Med. Corp. v. Wright*, No. 3:13-cv-793-DPJ-FKB, slip op. at 4-6 (S.D. Miss. Aug. 5, 2014) (affirming interlocutory order denying summary judgment); *Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989). This Court previously has denied summary judgment to allow the parties to develop the facts at trial. *Good Hope Constr., Inc. v. RJB Fin., LLC (In re Grand Soleil-Natchez, LLC)*, No. 12-00013-NPO (Dkt. 437), at *33 (Bankr. S.D. Miss. Aug. 13, 2013).

**B.    Summary Judgment Evidence**

As a preliminary matter, the Court notes that Helena relies heavily on the Debtor's 2004 Examination testimony in support of its Summary Judgment Motion. When an adversary proceeding is pending against a proposed examinee in bankruptcy court, courts generally limit the use of Rule 2004 examinations to prevent the party requesting the examination from avoiding the

procedural safeguards of Rules 7026 through 7037 of the Federal Rules of Bankruptcy Procedure ("Rules 7026 through 7037").  This limitation is known as the "pending proceeding" rule.  *See In re Washington Mutual, Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009).  In effect, courts have found that Rules 7026 through 7037 supplant the applicability of Rule 2004 when an adversary proceeding is filed by triggering the discovery procedures found in the Federal Rules of Bankruptcy Procedure.  *See id.*

The basis for the "pending proceeding" rule lies in the distinction between a pre-litigation examination under Rule 2004 and a pre-trial deposition under Rule 7030 of the Federal Rules of Bankruptcy Procedure ("Rule 7030").  For example, under Rule 2004, some courts have held that there is no requirement that notice be given of the motion for an examination either to the debtor or to the examinee; there is only a limited right to object to immaterial or improper questions; and there is no general right to cross-examine the examinee by counsel for the debtor or other interested party.  *See In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993).  In sharp contrast, Rule 7030 includes those safeguards.  For these reasons, Rule 2004 examinations and Rule 7030 depositions are not discovery procedures that are interchangeable at will.

The primary concern of courts in these circumstances, as noted previously, is to prevent the use of Rule 2004 examinations to circumvent the safeguards and protections of the discovery rules.  *See In re Enron*, 281 B.R. 836, 841 (Bankr. S.D.N.Y. 2002).  This concern is illustrated by what happened in *Collins v. Polk*, 115 F.R.D. 326 (M.D. La. 1987).  There, the trustee in a bankruptcy case obtained leave of court to take Rule 2004 examinations before the plaintiff sued the defendants in a separate forum.  The plaintiff attended the Rule 2004 examinations at the invitation of the trustee but did not inform the defendants of his intention to use the information from the Rule 2004 examinations in a future lawsuit against them.  The Rule 2004 examinations,

of course, did not comply with the notice provisions of the discovery rules. The defendants filed a motion to dismiss the lawsuit claiming the procedure used by the plaintiff circumvented Rules 27 and 30 of the Federal Rules of Civil Procedure. The district court reluctantly denied the motion and strongly condemned the plaintiff's actions. Significantly, the district court impounded the transcripts, refusing to allow any part of them to be used in the pending matter for any purpose.

More recently, in *Roberts v. Oliver (In re Oliver)*, 414 B.R. 361 (Bankr. E.D. Tenn. 2009), the plaintiff initiated an adversary proceeding against the debtor, objecting to his discharge under § 727(a)(2)(a) and (4)(a). The debtor did not file a responsive pleading and instead filed a motion for summary judgment. The plaintiff filed his response to the motion for summary judgment and, in support of his position, attached excerpts of transcripts of Rule 2004 examinations. The debtor filed a motion to strike, seeking to strike or quash the transcript of one of the Rule 2004 examinations on the ground that it was inadmissible hearsay under Rule 801 of the Federal Rules of Evidence. In response, the plaintiff argued "that Rule 804 of the Federal Rules of Evidence, which provides an exception to the hearsay rule based upon a witness's unavailability," controlled because "oral testimony is not given in summary judgement proceedings and . . . the [debtor] and his counsel were present at . . . the examination and had the opportunity to cross-examine him at that time." *Id.* at 371.

Aside from this objection, the court in *In re Oliver* noted that Rules 26 through 37 of the Federal Rules of Civil Procedure, as made applicable to adversary proceedings by Rules 7026 through 7037, govern discovery in adversary proceedings and that "oral testimony is taken by a deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure and its admissibility is governed by Rule 32." *Id.* As a result, the Court declined to admit the Rule 2004 examinations into evidence for purposes of the motion for summary judgment because they are not depositions.

Here, the Defendant did not object to Helena's use of the Debtor's 2004 Examination testimony in support of its Summary Judgment Motion. Nevertheless, like the bankruptcy court in *In re Oliver*, the Court finds that it cannot consider the Debtor's 2004 Examination for purposes of the Summary Judgment Motion because it does not qualify as a "deposition" taken under Rule 7030 of the Federal Rules of Bankruptcy Procedure that can be used as evidence in an adversary proceeding under Rule 7056(c)(1)(A) of the Federal Rules of Bankruptcy Procedure and because the Court is unable to determine from the record whether there was any prejudice to the Debtor. In the Order Granting Debtor's 2004 Examination, the Court permitted Helena to conduct a Rule 2004 examination of the Debtor "as to the acts, conduct, property, assets and liabilities of the Debtor and/or other matters that may affect the administration of the bankruptcy estate." (Bankr. Dkt. 43) Importantly, the Order Granting Debtor's 2004 Examination did not notify the Debtor that Helena could use the Debtor's 2004 Examination to evaluate whether it should file an adversary proceeding against the Debtor.[9] Thirteen (13) days after the Debtor's 2004 Examination, however, Helena filed the Complaint, initiating the Adversary. (Adv. Dkt. 1).

The primary purpose of the Code is to give a "fresh start" to the "honest but unfortunate debtor." *See Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007) (citing *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)). In deciding the merits of Helena's dischargeability claim, the Court declines to consider excerpts from a Rule 2004 examination that is "broad and unfettered and in the nature of [a] fishing expedition" and that lacks "the more restrictive nature of discovery under [the Federal Rules of Civil Procedure]," absent an agreement

---

[9] Although the parties agreed, without informing the Court, that the Defendant could file its responsive pleading to the Summary Judgment Motion beyond the previously extended deadline, the Court is unaware of any agreement between the parties that the Debtor's 2004 Examination may be used instead of a deposition to support the Summary Judgment Motion. To the extent such a stipulation exists, the Court declines to accept it at this late date.

between the parties to the contrary that is evident from the record.  *In re Enron*, 281 B.R. at 840; *2435 Plainfield Ave., Inc. v. Township of Scotch Plains (In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998).  The Court next addresses whether Helena has shown that no genuine dispute exists as to its dischargeability claim without the use of the Debtor's testimony from his 2004 examination.

## C.  Dischargeability under § 523(a)(2)(B)

Helena seeks summary judgment on the dischargeability claims asserted in the Complaint under § 523(a)(2)(B).  A bankruptcy court cannot declare a debt nondischargeable until the creditor establishes the existence and amount of that debt.  On April 27, 2017, the U.S. District Court for the Northern District of Mississippi (the "District Court") issued the Judgment in favor of Helena against the Defendant and R&E Farms, jointly and severally, in the amount of $280,767.11, plus applicable post-judgment interest at the federal rate.  (POC 7-1 at 5).  That same day, the District Court also issued the Judgment in favor of Helena against the Defendant and Double Y Farms, Inc., jointly and severally, in the amount of $432,635.99, plus applicable post-judgment interest at the federal rate.  (POC 8-1 at 5).  Thus, the Court finds that Helena has established the existence and amount of the debt owed and now will examine the debt's dischargeability under § 523(a)(2)(B).

Section 523(a)(2)(B) provides:

> (a) A discharge under section . . . 1141 . . . of this title does not discharge an individual debtor from any debt—
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> \*       \*       \*
>
> (B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive

11 U.S.C. § 523(a)(2)(B). "[A] statement is 'respecting' a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status." *Lamar Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1755 (2018). Additionally, a statement about a single asset can be a "statement respecting the debtor's . . . financial condition" since it "bears on a debtor's overall financial condition and can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not." *Id.* Helena bears the burden of proving each of the four elements by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287-88 (1991).

A statement is materially false when it "paints a substantially untruthful picture of a financial condition by misrepresenting information of the type which would normally affect the decision to grant credit." *Jordan v. Se. Nat'l Bank (In re Jordan)*, 927 F.2d 221, 224 (5th Cir. 1991) (internal quotations omitted), *overruled in part by Coston v. Bank of Malvern (In re Coston)*, 991 F.2d 257 (5th Cir. 1993). Helena asserts that the Defendant "lied about the value of his assets" and "falsely inflated the value of certain assets that he knew were not worth as much as he stated them to be." (Adv. Dkt. 11 at 6-7). Additionally, Helena asserts that the Defendant "failed to disclose significant amounts of debt that he owed at the time of issuing the [Defendant's] Financial Statement" and "knowingly provided false statements so that Helena would extend credit to Double Y and R&E Farms." (Adv. Dkt. 11 at 6-7).

In response, the Defendant asserts that he did not "lie" about the value of his assets and that the valuation of his assets is a disputed, material fact. (Adv. Dkt. 16 at 2). In the Defendant's Affidavit, the Defendant states that he relied on his banker's "knowledge of [his] personal financial picture, assets and liabilities" to prepare his financial statement. (D. Ex. A). Additionally, the Debtor states that he "understood that listing the various assets and liabilities of some of the entities in which [he] ha[s] an ownership interest was different than assets which [he] owned in [his] individual name in that each entity needed its own financial statement." (*Id.*) Finally, the Defendant states that "[t]he values of machinery and equipment that [he] listed in the Double Y Farms bankruptcy schedules represent what [he] believe[s] could be obtained for equipment at prices that are other than fair market value prices. Valuation of farm machinery and equipment is difficult, and opinions vary widely." (*Id.*)

In the Reply, Helena relies upon the Fifth Circuit Court of Appeals' decision in *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223 (5th Cir. 1984), in which it found that "the nonmovant cannot manufacture a disputed material fact where none exists, [and] the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony." *Id.* at 228. Helena asserts that the Defendant's Affidavit contradicts the testimony that the Defendant provided during the Debtor's 2004 Examination. For example, "the allegations in the Complaint . . . and the Motion for Summary Judgment . . . are not directed solely at the statements made in Young's bankruptcy schedules, but rather at the materially false statements made in [the Defendant's Financial Statement] and the [Double Y Financial Statement]" that the Defendant submitted to Helena so that it would lend him money. (Adv. Dkt. 21 at 3-4). Helena argues that the Defendant's Affidavit "attempts to create an issue of fact by affirming his good faith effort to list the assets correctly in his bankruptcy schedules,

but this does not change his previous deposition[10] testimony where he admits to providing numbers that were significantly inflated."

Helena relies exclusively on the Debtor's 2004 Examination to establish that the Debtor's Financial Statement and the Double Y Financial Statement contain materially false statements. Since the Court has declined to consider the Debtor's 2004 Examination for purposes of the Summary Judgment Motion, the Court finds that a genuine issue of material fact exists as to whether the Defendant made a materially false statement to Helena. Because Helena had the burden of proving all four elements of § 523(a)(2)(B) by a preponderance of the evidence, the Court does not need to address the remaining elements.

## Conclusion

The Court finds that a genuine issue of material fact exists as to whether the Defendant made materially false statements to Helena. Accordingly, the Court further finds that the Summary Judgment Motion should be denied to allow a further record to be developed at trial. *See Firman*, 684 F.3d at 538; *River Region Med. Corp.*, No. 3:13-cv-793-DPJ-FKB, slip op. at 4-6; *see also Kunin*, 69 F.3d at 62; *Black*, 22 F.3d at 572; *Veillon*, 876 F.2d at 1200.

IT IS, THEREFORE, ORDERED that the Summary Judgment Motion is hereby denied.

##END OF OPINION##

---

[10] *See supra* note 8.