# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

HELENA AGRI-ENTERPRISES, LLC                                    APPELLANT

v.                                                             Civil No. 4:18-cv-00246-GHD

RICHARD J. YOUNG, JR.                                                 APPELLEE

## MEMORANDUM OPINION

Helena Agri-Enterprises filed a motion for leave to appeal [3] the bankruptcy court's order denying summary judgment. For the reasons set forth below, leave to appeal is denied.

Appellee Richard Young filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Northern District of Mississippi. Helena filed a motion to examine Young under Rule 2004 of the Federal Rules of Bankruptcy Procedure. Shortly after that examination, Helena filed a complaint seeking the bankruptcy court to declare that Young's debts to Helena were non-dischargeable under the 11 U.S.C. § 523(a)(2)(B).

Helena then moved for summary judgment, asking the bankruptcy court to find that there were no genuine issues of material fact that Young's debts to Helena were non-dischargable. As evidence that there was no genuine issue of this fact, Helena submitted testimony from Young that Helena obtained through the Rule 2004 examination. Young did not object to the use of this testimony. However, the bankruptcy court still excluded the evidence under the pending proceeding rule. This rule prohibits the use of Rule 2004 examinations to obtain evidence for adversarial proceedings in some instances. *See In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). The bankruptcy court then concluded that Helena had failed to establish its summary judgment burden with respect to the first of four elements of a non-dischargeable debut under § 523(a)(2)(B). Because all

1

four elements were necessary, the court did not consider whether Helena had met its burden as to the other three elements. The bankruptcy court denied summary judgment.

Helena then timely filed a motion for leave to file an appeal. Helene presents the following question:

> Whether the bankruptcy court erred in, *sua sponte*, applying the "pending proceeding rule" rule to exclude the 2004 testimony of Young, where there was no pending proceeding at the time of the examination; Young did not object to the use of the testimony and in fact referenced in his response to the motion for summary judgment; and Rule 2004 itself states that one purpose is to determine a debtor's right to a discharge.

### Standard for Leave to File an Interlocutory Appeal

Courts apply the standards of 28 U.S.C. § 1292(b), which governs interlocutory appeals from a district court, to determine whether an interlocutory appeal from a bankruptcy court order is appropriate. *Matter of Magic Restaurants, Inc.*, 202 B.R. 24, 26 (D. Del. 1996). Under § 1292(b), interlocutory appeals are appropriate when the subject order: (1) involves a controlling question of law; (2) the question must be one where there is a substantial ground for a difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of litigation. To certify an order for interlocutory appeal, all three criteria must be met. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. Unit A Apr. 1981). Such appeals are "not favored" and courts should "strictly construe statutes permitting them." *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 292 (5th Cir. 2007) (citing *Complaint of Ingram Towing Co.*, 59 F.3d 415, 515 (5th Cir. 1995)).

### Analysis

Interlocutory appeals are appropriate when the appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To determine whether the appeal would materially advance the termination of the litigation "a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate

2

complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson, Inc. v. Miramax Film Corp.,* 867 F.Supp. 319, 320 (E.D.Pa.1994)).

Helena has not established that interlocutory review of the bankruptcy court's order would materially advance the ultimate termination of the trial. First, a successful interlocutory appeal would only require the bankruptcy court to consider the evidence obtained from the Rule 2004 examination. It would not, however, preclude the bankruptcy court from determining, even with that evidence, that genuine issues of material fact still existed with respect to the first element of non-dischargeability under § 523(a)(2)(B). Moreover, the bankruptcy court did not determine whether there are genuine issues of material fact as to the other three elements. A successful appeal may still lead to the denial of summary judgment, and to permit appeal would be to engage in piecemeal litigation heavily disfavored by courts.

## Conclusion

Helena fails to establish that an interlocutory appeal would materially advance the ultimate termination of the litigation. Accordingly, it's motion for leave to appeal is denied.

An order in accordance with this opinion shall issue.

This, the 24th day of April 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

3